NAIL v. COMBS.

4-9099                                      227 S. W. 2d 173

Opinion delivered February 27, 1950.

*Claude Duty,* for appellant.

*Vol T. Lindsey,* for appellee.

GRIFFIN SMITH, Chief Justice. Appellee is a licensed realtor doing business as West Walnut Street Land Com-

pany. Appellant owned and occupied a residence in Rogers, Arkansas. As a professional trader he buys and sells extensively.

Appellant listed his home with appellee, to be sold for $16,000 and appellee produced a buyer ready, willing, and able to perform; but appellant, when appellee sued for the stipulated commission of $800, contended the contract was procured by fraud. The misleading act [says appellant] was appellee's statement that he had seen Mrs. Nail—appellant's wife—and that she had unconditionally agreed that the sale be made, whereas in truth Mrs. Nail had acquiesced only on condition that a suitable place be found for her to move into, or that a desirable building lot be found.

At trial there was substantial testimony that the contract was not qualified. This presented a question for the jury, resulting in a verdict for the full amount claimed.

Appellant's plea for reversal rests on the Court's refusal to submit his Requested Instructions 3 and 4, through which the jury would have been told that if in procuring the contract appellee made false representations of a material character, there could have been no meeting of the minds; hence, in these circumstances, a recovery would not lie.[1]

The motion for a new trial asserts that the Court erred in giving Plaintiff's Requested Instructions 2, 3, 4, 5, 6, 7, 8, and 9. In his brief appellant says: "The only instructions we will copy are those to which exceptions were taken at the time". These were Nos. 2, 3, 6, and 8. But in the motion for a new trial it was asserted that Nos. 4, 5, 7 and 9 *were given,* and there is the claim that "the defendant at the time excepted".

It will be observed that in his brief appellant is still treating Instructions 4, 5, 7, and 9 as having been given,

[1] The exact language of Requested Instruction No. 4 is: ". . . It is the duty of a real estate broker or agent to make disclosures of the terms of pending negotiations, so that the seller may act advisedly in determining whether or not a proposal is satisfactory"; otherwise the commission would not be earned. Requested Instruction No. 4 would have told the jury that in determining liability consideration should be given all facts and circumstances leading up to the contract.

and that they were not objected to, although the record shows they were refused and that in his motion for a new trial there is an attempt to preserve the alleged objections—none of which was specific. Other instructions were given by the Court, but have not been abstracted.[2]

Since the motion for a new trial is at variance with the record, and because it also contradicts the abstract, we are not able to say that error was committed in giving or refusing instructions. The situation would be different if an abstracted instruction inherently wrong had been brought forward by a specific or general objection.

Affirmed.

---

[2] In fairness to appellant it should be stated that these do not have a bearing on the controverted issue, although to ascertain this fact it was necessary to turn to the transcript as distinguished from an abstract of the record.